to make any such proof; it was not appellee's duty to inform him that judgment had been taken. As stated in Smith v. Ferrell, supra: "If the judgments of Courts were liable to be set aside, and new trials granted on such grounds as these, there would, indeed, never be an end of litigation. It has been well said, that, 'If mistakes in practice, or inadvertence furnished reason for a new trial, it would encourage litigation and reward ignorance and carelessness at the expense of the other party.' * * * And, therefore, the law in such cases wisely acts upon the maxim. * * * It is for the public good that there be an end of litigation."

The judgment of the court below should be affirmed, and it is so ordered.

Affirmed.

He claimed to have rented the farm from defendants for the year 1935. The defendants denied this. The jury found that plaintiff had no rental contract for that year. To another issue the jury found that plaintiff had not been damaged. No assignments of error appear in the record attacking either jury finding. There is an assignment that these two are in conflict.

The basis of the suit was a rental contract, that is, that plaintiff was in possession legally. If plaintiff under findings of the jury was a trespasser, it becomes immaterial as to their regularity, the type or validity of the writ issued by the justice of the peace and served by the sheriff in this case. We fail to see any conflict. Before a recovery on a breach can be had, the contract must first be established.

The judgment entered denying a recovery for plaintiff is affirmed.

## SWEENEY v. JOHNSON et al.

### No. 5084.

Court of Civil Appeals of Texas.
Texarkana.

March 11, 1937.

W. L. Willie, of Paris, for appellant.

Cunningham & Lipscomb, of Bonham, for appellees.

WILLIAMS, Justice.

Plaintiff's cause of action was for damages in being wrongfully dispossessed of a farm by the defendants, the owners.

## W. T. RAWLEIGH CO. v. KARNES et al.

### No. 5048.

Court of Civil Appeals of Texas.
Texarkana.

March 18, 1937.

